UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENDAN NGEHSI NEWANFORBI,

Plaintiff,

v.

K. BAROCIO, et al.,

Defendants.

No. 2:26-cv-0191 DJC CSK P

ORDER

Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

As discussed below, plaintiff's complaint is dismissed, and plaintiff is granted leave to file an amended complaint.

I.    SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under

2

the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.    PLAINTIFF'S COMPLAINT

In his verified complaint, plaintiff claims he does not challenge the fact or duration of his underlying conviction, and alleges the following.  (ECF No. 1 at 1.)  In early 2020, plaintiff filed a grievance seeking merit credits based on a heroic act plaintiff performed while incarcerated at San Quentin.  (Id. at 3.)  The grievance advanced to the third level of review, involving the Board of Parole Hearings ("BPH").  Before the hearing, in the BPH conference room, plaintiff's counselor defendant Barocio "struggled with the required technology setup, causing visible irritation from BPH personnel."  (Id.)  This incident humiliated K. Barocio in front of her superiors and peers and created personal animus toward plaintiff.  (Id.)  The temporal proximity between such humiliation and subsequent adverse actions raises an inference of retaliatory motive.  (Id.)

On July 9, 2020, CDCR granted a "One-Time Positive Programming Credit" ("PPC") of 12 weeks (84 days) to all eligible inmates who did not incur a serious rules violation between March 1 and July 5, 2020, and required case records services staff to enter the credit into SOMS and the credit "shall be applied by August 1, 2020."  (ECF No. 1 at 4.)  Plaintiff sustained no rules violations during that period and should have been provided the credit.  Despite his

eligibility, defendant Barocio "refused or failed to apply the PPC" to plaintiff's record.  (Id.)
Defendant Barocio's refusal deviated from standard practice, and the fact K. Barocio applied the
credit to plaintiff's cellmate's record demonstrates that "no rational basis existed for the
disparity" except retaliation for plaintiff's prior grievance and the associated humiliation K.
Barocio felt during the technology setup.  (Id.)

Plaintiff alleges that defendant Hernandez, a case records analyst, knowingly perpetuated
the error by failing to apply or correct application of the credit to plaintiff's record.  Plaintiff
promptly filed a grievance concerning the deprivation, pointing out his cellmate's credit to show
the disparate treatment.  Defendant John Doe, as unit supervisor/sergeant, reviewed the grievance
and denied it, stating "You have already been released from prison . . . it doesn't matter
anyways."  (Id.)  Such response ratified the misconduct of defendants K. Barocio and Hernandez,
and failed to correct the error.  As a result, plaintiff suffered extended custody until December 2,
2020, and "an inflated parole term ending December 2, 2030," 12 weeks or 84 days later than
warranted.  (Id. at 5.)  Each subsequent parole decision has relied on the erroneous date,
constituting a new constitutional injury and perpetuating the violation.  (Id.)  As to all named
defendants, plaintiff alleges retaliation, a Fourteenth Amendment equal protection violation (class
of one), and a procedural due process violation based on the failure of the grievance process to
remedy the application of the credit.

Plaintiff seeks prospective injunctive relief prohibiting CDCR from continuing to rely on
the continuing discharge date ("CDD") or an order directing CDCR to recalculate plaintiff's
credits consistent with the July 9, 2020 PPC policy, and money damages.  (Id. at 8.)

IV.    DISCUSSION[1]

A.  Retaliation Claims

Prisoners have a First Amendment right to file grievances against prison officials and to
be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)
(citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the

_____

[1]  Because the statute of limitations is an affirmative defense, this Court does not address
plaintiff's arguments concerning the limitations period.

4

prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). A retaliatory motive may be shown by the timing of the allegedly retaliatory act or other circumstantial evidence, as well as direct evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003); McCollum v. Ca. Dep't of Corr. And Rehab., 647 F.3d 870, 882 (9th Cir. 2011). Circumstantial evidence usually includes "(1) proximity in time between protected speech and the alleged retaliation; (2) [that] the [defendant] expressed opposition to the speech; [or] (3) other evidence that the reasons proffered by the [defendant] for the adverse . . . action were false and pretextual." Id. (quoting Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002)) (quotation marks omitted). Mere speculation that a defendant acted out of retaliation is not sufficient. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases).

### 1. Defendant K. Barocio

Plaintiff's retaliation claim against defendant K. Barocio fails because plaintiff alleges no facts demonstrating that the personal animus plaintiff describes was caused by the filing of his grievance; rather, he states the animus was caused by the technological difficulties K. Barocio encountered during the hearing causing her humiliation in front of the irritated BPH members. That this took place during a hearing does not indicate that the resulting animus was motivated by plaintiff's protected conduct in filing a grievance some time prior to that hearing. Plaintiff's speculation and conclusion that defendant K. Barocio's subsequent conduct was motivated by a desire to retaliate does not suffice to state a claim. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (noting that plaintiff's "sheer speculation" that defendants had knowledge of his protected conduct was insufficient to show retaliatory intent); Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990) ("Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."). In addition, while plaintiff alleges there is a temporal link, plaintiff's complaint does not provide the date of the hearing at which the alleged humiliation occurred.

5

Plaintiff states he filed his grievance seeking the heroic merit credit "in early 2020," which progressed to the third level review involving the BPH, but K. Barocio "refused or failed to apply the PPC" some time after July 9, 2020.  Plaintiff must allege facts showing a nexus between his conduct protected by the First Amendment and the alleged retaliatory act.  See Brodheim, 584 F.3d at 1271 (a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct).  Plaintiff's allegations as to defendant K. Barocio fail to demonstrate a discriminatory motive reasonably connected to plaintiff's conduct protected under the First Amendment.

### 2.   Defendant C. Hernandez

Plaintiff's complaint alleges no facts demonstrating that the omissions of C. Hernandez were intentional or prompted by retaliatory motive.  Plaintiff points to no facts tying C. Hernandez to the incident that took place in early 2020.  Plaintiff speculates that defendant C. Hernandez "received or had access to Barocio's inputs," but plaintiff sets forth no facts supporting such statement.  Plaintiff fails to state a cognizable retaliation claim against defendant C. Hernandez.

### 3.   Defendant John Doe

Although plaintiff does not know the name of this unit supervisor/sergeant, plaintiff cannot state a cognizable retaliation claim against him.  "[T]he denial of a grievance or appeal 'neither constitutes an adverse action that is more than de minimis nor is it sufficient to deter a prisoner of 'ordinary firmness' from further First Amendment activities." Chacon v. Diaz, 2020 WL 7214292, at *5 (C.D. Cal. Sept. 28, 2020) (quoting Dicey v. Hanks, 2015 WL 4879627, at *5 (E.D. Cal. Aug. 14, 2015) (collecting cases and denying leave to amend because "denial of a grievance does not constitute an adverse action"), report and recommendation adopted, 2015 WL 6163444 (E.D. Cal. Oct. 15, 2015)); see also Allen v. Kernan, 2018 WL 2018096, at *7 (S.D. Cal. Apr. 30, 2018) (same), aff'd, 771 F. App'x 407 (9th Cir. 2019).  Thus, defendant John Doe's role in denying plaintiff's grievance does not state a cognizable retaliation claim.

### B.  Equal Protection

In his second claim, plaintiff argues that he and his cellmate were similarly situated:  same

6

counselor (defendant K. Barocio), same eligibility, same facility, no disqualifying rules violations, and cellmate was not engaged in protected grievance activity.  (ECF No. 1 at 7.) Plaintiff contends the only difference is that plaintiff filed a grievance following the humiliating BPH escort incident, and did not receive the credit; plaintiff's cellmate did not file a grievance, and he did receive the credit.  (Id.)  Plaintiff claims defendants offered no penological or other reason for the disparate treatment.  (Id.)

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike.  City of Cleburne Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985), abrogated on other grounds as explained in Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).  A Section 1983 claim predicated on an equal protection violation may be alleged, in pertinent part, under two theories.  First, a plaintiff may state an equal protection claim by alleging that he was intentionally discriminated against based upon his membership in a protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), implicitly abrogated in part on other grounds as explained in Galbraith, 307 F.3d at 1125-26;[2] see also Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Alternatively, if the challenged action did not involve a suspect classification, a plaintiff may still state an equal protection claim essentially by alleging that:  (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008); SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).

Here, plaintiff's allegations are raised under the class of one theory.  Plaintiff's allegations do not demonstrate that defendant Barocio intentionally denied plaintiff the credits.  Indeed, plaintiff alleges that defendant Barocio "refused or failed to apply the PPC" to plaintiff's record.

---

[2]  See, e.g., Cortez v. Klique Car Club, Inc., 2024 WL 988374, at *1 (C.D. Cal. Mar. 6, 2024). Galbraith was abrogated on other grounds by Twombly, 550 U.S. 544.  See, e.g., Higa v. Kobayashi, 2020 WL 2027290, at *4 n.4 (D. Hawaii Apr. 27, 2020).

7

(ECF No. 1 at 4.)  There are no facts demonstrating C. Hernandez intentionally denied plaintiff the credits.  Plaintiff's putative equal protection claim against defendant John Doe fails for the same reason.  This claim is dismissed with leave to amend.

### C.   Procedural Due Process

Plaintiff alleges that the grievance process failed to address the merits of plaintiff's claim. (ECF No. 1 at 7.)  The Due Process Clause protects plaintiff against the deprivation of liberty without due process under the law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  However, there is no stand-alone due process claim for the prison grievance process itself.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  A prison official's denial of a grievance does not itself violate the constitution.  Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015).  Thus, the denial of plaintiff's grievances cannot constitute a due process violation.  See, e.g., Bradway v. Rao, 2020 WL 8919180, at *1 (E.D. Cal. July 15, 2020); Daniels v. Aguillera, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), report and recommendation adopted, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."); Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. 2010).  Therefore, plaintiff cannot state a cognizable civil rights claim based on the failure of the grievance process to grant plaintiff the relief he sought.  Plaintiff's third claim is also dismissed.

### V.   LEAVE TO AMEND

The Court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The Court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint

8

must be dismissed.  However, the Court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d at 1130-31.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists

because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  **Plaintiff is not granted leave to add new claims or new defendants.**

VI.     REQUEST FOR E-MAIL NOTIFICATION

On January 22, 2026, plaintiff filed a request for email notification of docket activity. (ECF No. 3.)  Plaintiff confirms that he does not seek permission to file documents through the CM/ECF system, and will continue to file documents in paper format.  Plaintiff's email address is bnn.cdl@gmail.com.

The Court is amenable to allowing plaintiff to receive service of documents by electronic means and grants his request.  Thus, the Clerk is directed to configure plaintiff's account so that he will receive immediate email notifications when documents are filed in the case.  In doing so, plaintiff consents to receive service of documents electronically and waives the right to receive service by first class mail under Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure.

VII.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff's request to receive email notifications when documents are filed in this case (ECF No. 3) is granted.  The Clerk of the Court is directed to configure plaintiff's account so that he will receive immediate email notifications to bnn.cdl@gmail.com when documents are filed in the case.  Plaintiff consents to receive service of documents electronically and waives the right to receive service by first class mail under Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

10

      a.  The completed Notice of Amendment; and

      b.  An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  May 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/newa0191.14

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENDAN NGEHSI NEWANFORBI,                    No. 2:26-cv-0191 DJC CSK P

        Plaintiff,

    v.                                                        NOTICE OF AMENDMENT

K. BAROCIO, et al.,

        Defendants.

      Plaintiff submits the following document in compliance with the court's order filed on_____ (date).

      [ ]        Amended Complaint

      (Check this box if submitting an Amended Complaint)

DATED:

                                  _____
                                  Plaintiff

1